TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00210-CR







Bernard Wilson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0980963, HONORABLE FRED A. MOORE, JUDGE PRESIDING







 The trial court convicted appellant Bernard Wilson on two counts of indecency with
a child by exposure, see Tex. Penal Code Ann. § 21.11(a)(2) (West Supp. 2000), and sentenced
him to ten years' imprisonment, probated for ten years. On appeal, appellant urges that the
evidence is legally insufficient to support his conviction because (1) there was no evidence that
appellant was the perpetrator of the offense and (2) there was no evidence of exposure. We will
affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 About 3:30 in the afternoon on January 14, 1998, two ten-year-old girls, S.P. and
S.R., noticed a green van driving slowly beside them as they walked home from Pillow
Elementary School on Rockwood Drive in Austin. The van pulled up to the curb next to the girls,
and S.P. saw that the driver had his pants pulled down and was masturbating. S.P. testified that
the driver was rubbing his penis with a handkerchief and that she was able to see the tip of his
penis as his hand moved up and down. She said he was grinning while he looked at the girls. 
S.R. also testified that she saw the driver masturbating, but his handkerchief prevented her from
actually seeing his penis. Still, she testified that she knew he was masturbating and it made her
feel "bad inside."

 Lana Kemper emerged from a house on Rockwood Drive, saw the green van parked
illegally at a bus stop, and approached the driver to tell him to move his vehicle. When she saw
that he had a handkerchief wrapped around his penis and was rubbing himself, she began to yell
and curse at him. She called to the girls to write down the van's license plate number, and S.R.
wrote down the number on her arm with a highlighter pen as the van drove away. Kemper then
called 911 to report the incident and waited with the girls until their parents picked them up.

 Detective Michael Fitzgerald took statements from both girls that day. With the
license plate number they wrote down, he was able to trace the van to appellant. Fitzgerald and
another officer visited appellant at his place of employment, located only a few blocks from Pillow
Elementary School, where they saw the same green van in the parking lot. When questioned at
work, appellant admitted that he had pulled over to the side of the road but claimed he had done
so because he had a sudden attack of stomach pains and diarrhea. 

 Appellant agreed to go to the police department offices several days later and make
a formal statement. He arrived for that meeting in the same green van with the license plate
number the girls had recorded. Appellant signed a statement that reiterated what he had told the
officers during their earlier meeting. He said that sometime between 1:00 and 3:00 that afternoon
he was overcome with stomach pains after eating lunch at Whataburger, so he pulled over to the
side of the road, pulled down his pants, and grabbed Kleenex to use to avoid staining his
upholstery. He said a woman approached his van with two girls, yelling and shaking her fists at
him. Officer Fitzgerald reviewed appellant's statement and told appellant that he thought the
statement was a lie. Appellant then agreed to give a second statement.

 In the second statement, appellant admitted that after leaving Whataburger he felt
the urge to masturbate. He pulled over on Rockwood Drive, decided he did not like that spot,
and so drove forward to a second spot and proceeded to masturbate into his hand with Kleenex. 
His signed statement said that "the second spot that I selected to masturbate, was more visable
[sic] to the children. I selected that spot because it offered more of the thrill of being caught."

 Appellant was charged and convicted of two counts of indecency with a child by
exposure, one count for each child. The trial took place a year after the offense. S.P. was never
asked to identify appellant in a line-up, and before the trial she had not seen him since the offense
took place. When asked to identify the driver of the van in court, S.P. pointed out appellant's
attorney instead of appellant. However, when shown pictures of appellant's van, S.P. testified
that it looked like the van that had pulled alongside the girls that day. Neither S.R. nor Kemper
were asked to identify appellant or his vehicle at the trial.


DISCUSSION

 In a single issue on appeal, appellant claims the evidence presented by the State is
legally insufficient to support his conviction. When reviewing the legal sufficiency of a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887
S.W.2d 885, 888 (Tex. Crim. App. 1994). Any inconsistencies in the evidence should be
resolved in favor of the verdict. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988). This standard of review is the same for both direct and circumstantial evidence. See
Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

 The offense of indecency with a child is defined by Section 21.11 of the Penal
Code, which provides:


(a) A person commits an offense if, with a child younger than 17 years and not his
spouse, whether the child is of the same or opposite sex, he: 

* * * *

 (2) exposes his anus or any part of his genitals, knowing the child is
present, with intent to arouse or gratify the sexual desire of any person.


Tex. Penal Code Ann. § 21.11 (West Supp. 2000). Appellant claims that the State has not met
its burden of proving either that he was the perpetrator of the crime or that he exposed himself
to the victims.


Identity

 We will first address appellant's claim that the State offered no evidence of his
identity as the perpetrator of the crime. The State is required to prove that the accused was the
person who committed the crime. See Johnson v. State, 673 S.W.2d 190, 196 (Tex. Crim. App.
1984). Appellant argues that, because neither Kemper nor the victims of the offense ever
identified him in court or out of court, the State introduced no evidence that he was the man who
exposed himself to S.P. and S.R. He further argues that since S.P. mistakenly identified
appellant's attorney as the driver of the van during the trial, her misidentification outweighs the
circumstantial evidence of identity offered by the state.

 While there was no direct evidence of the perpetrator's identity elicited from the
trial witnesses, no formalized procedure is required for the State to prove the identity of the
accused. See Sepulveda v. State, 729 S.W.2d 954, 957 (Tex. App.--Corpus Christi 1987, pet.
ref'd). Circumstantial evidence points strongly to appellant as the man the girls saw in the green
van. Proof by circumstantial evidence is not subject to a more rigorous standard than is proof by
direct testimonial evidence. See McGee v. State, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989). 
For purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are
equally probative. See id.

 The State elicited testimony from the investigating officer that the girls' description
of the perpetrator's van and the license plate number they recorded matched that of the green van
that appellant drove the week of the offense. A hearsay objection was sustained to the State's
proffer of evidence that appellant owned the van. Nonetheless, testimony was received that
appellant drove the van to work and to the police station in the days following the offense. Thus
there was a positive, unrefuted identification of the van as the one involved in the offense. In his
own statement, appellant admitted to having masturbated in his vehicle about the same time and
place the girls reported that the incident occurred. Reviewing the evidence in the light most
favorable to the verdict, we conclude that a rational trier of fact could have found beyond a
reasonable doubt that appellant was the perpetrator.


Exposure

 Appellant also complains that the State offered no evidence that he exposed his
genitals, and so failed to prove an essential element of the crime. In count one of the indictment,
appellant was accused of intentionally exposing his genitals knowing S.P. was present. S.P.
testified that she could see the tip of the driver's penis through his handkerchief, but she then
failed to identify appellant as the driver of the van. Count two of the indictment charged appellant
with exposing himself in the presence of S.R. She testified that though she could tell that the
driver of the van was masturbating, she could not actually see his penis because he was covering
himself with a handkerchief. Appellant urges that the evidence on both counts is insufficient to
show that he actually exposed himself to either girl.

 To establish indecency with a child by exposure, the State must prove that the
defendant exposed "any part of his genitals, knowing the child is present, with intent to arouse
or gratify the sexual desire of any person." Penal Code § 21.11(a)(2). Even if only the tip of
appellant's penis was exposed, that exposure is enough to satisfy the requirements of section 21.11
where, as here, the indictment alleged only that the defendant exposed his genitals. "Texas courts
have treated a specific area of the genitals synonymously with the genitals as a whole and
sufficient to uphold a conviction." Claycomb v. State, 988 S.W.2d 922, 925 (Tex.
App.--Texarkana 1999, pet. ref'd). 

 S.P. testified that she was able to see the tip of the driver's penis when the van
pulled alongside the girls. Even though she then misidentified appellant in court a year later, any
inconsistencies in the evidence must be resolved in favor of the verdict. See Moreno, 755 S.W.2d
at 867. Having already determined that the evidence is legally sufficient to establish that appellant
was the driver of the van, we hold that a reasonable trier of fact could have found beyond a
reasonable doubt that appellant exposed himself to S.P.

 As to count two, appellant argues that, because S.R. did not herself see the driver's
genitals, there is no evidence showing that he exposed himself to her. We disagree. This Court
has recently held that section 21.11 does not require a showing that the victim saw the defendant's
exposed genitals. See Uribe v. State, No. 03-99-00152-CR, slip op. at 5 (Tex. App.--Austin
December 2, 1999, no pet. h.). As defined by the statute, the offense is based on the accused's
actions and intent, not the victim's comprehension. Accordingly, the State need only prove that
the defendant's genitals were exposed to the victim, not that they were actually seen by the victim. 
See id. While there must be sufficient evidence that the defendant's genitals were exposed, that
evidence need not come from the victim. We have already concluded that appellant's genitals
were exposed. The fact that the victim in count two did not see the exposed genitals is irrelevant,
because perception by the victim is not an element of the crime. See id. Here, although S.R. did
not herself see appellant's genitals, S.P. did; because the two girls were walking together when
both saw the man in the green van, S.P.'s testimony constitutes probative evidence that appellant
exposed himself in S.R.'s presence as well. Also, appellant's confession is evidence of his actions
and intent. A rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. We therefore overrule appellant's claim that the State offered no evidence
of exposure.


CONCLUSION

 Having determined that the State offered probative evidence showing both that
appellant was the driver of the van whom the witnesses saw masturbating and that he exposed his
genitals in the presence of both girls, we overrule his claim that the evidence is legally
insufficient. We affirm the conviction.



 
 J. Woodfin Jones, Justice

Before Justices Jones, Kidd, and Patterson

Affirmed

Filed: January 6, 2000

Publish 



>

 Appellant also complains that the State offered no evidence that he exposed his
genitals, and so failed to prove an essential element of the crime. In count one of the indictment,
appellant was accused of intentionally exposing his genitals knowing S.P. was present. S.P.
testified that she could see the tip of the driver's penis through his handkerchief, but she then
failed to identify appellant as the driver of the van. Count two of the indictment charged appellant
with exposing himself in the presence of S.R. She testified that though she could tell that the
driver of the van was masturbating, she could not actually see his penis because he was covering
himself with a handkerchief. Appellant urges that the evidence on both counts is insufficient to
show that he actually exposed himself to either girl.

 To establish indecency with a child by exposure, the State must prove that the
defendant exposed "any part of his genitals, knowing the child is present, with intent to arouse
or gratify the sexual desire of any person." Penal Code § 21.11(a)(2). Even if only the tip of
appellant's penis was exposed, that exposure is enough to satisfy the requirements of section 21.11
where, as here, the indictment alleged only that the defendant exposed his genitals. "Texas courts
have treated a specific area of the genitals synonymously with the genitals as a whole and
sufficient to uphold a conviction." Claycomb v. State, 988 S.W.2d 922, 925 (Tex.
App.--Texarkana 1999, pet. ref'd). 

 S.P. testified that she was able to see the tip of the driver's penis when the van
pulled alongside the girls. Even though she then misidentified appellant in court a year later, any
inconsistencies in the evidence must be resolved in favor of the verdict. See Moreno, 755 S.W.2d
at 867. Having already determined that the evidence is legally sufficient to establish that appellant
was the driver of the van, we hold that a reasonable trier of fact could have found beyond a
reasonable doubt that appellant exposed himself to S.P.

 As to count two, appellant argues that, because S.R. did not herself see the driver's
genitals, there is no evidence showing that he exposed himself to her. We disagree. This Court
has recently held that section 21.11 does not require a showing that the victim saw the defendant's
exposed genitals. See Uribe v. State, No. 03-99-00152-CR, slip op. at 5 (Tex. App.--Austin
December 2, 1999, no pet. h.). As defined by the statute, the offense is based on the accused's
actions and intent, not the victim's comprehension. Accordingly, the State need only prove that
the defendant's genitals were exposed to the victim, not that they were actually seen by the victim. 
See id. While there must be sufficient evidence that the defendant's genitals were exposed, that
evidence need not come from the victim. We have already concluded that appellant's genitals
were exposed. The fact that the victim in count two did not see the exposed genitals is irrelevant,
because perception by the victim is not an element of the crime. See id. Here, although S.R. did
not herself see appellant's genitals, S.P. did; because the two girls were walking together when
both saw the man in the green van, S.P.'s testimony constitutes probative evidence that appellant
exposed himself in S.R.'s presence as well. Also, appellant's confession is evidence of his actions
and int