IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00346-CR

No.
10-03-00347-CR

 

Michael Lynn Bradden,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the Criminal District Court

Dallas County, Texas

Trial Court Nos. F03-00097-JH and F03-00303-JH

 



MEMORANDUM 
Opinion



 

            Michael Lynn Bradden was tried by a jury for
robbery and evading arrest.  The jury
found him guilty and assessed punishment of life imprisonment for the robbery
and twenty years’ confinement for the offense of evading arrest.  Bradden brings these issues on appeal: (1)
the evidence was legally and factually insufficient to prove him guilty of
robbery; (2) the evidence was legally and factually insufficient to prove him
guilty of evading arrest or detention; and (3) the trial court erred in allowing
the state to impeach him with evidence of his 1972 convictions for robbery
pursuant to Texas Rule of Evidence 609.

          We
will overrule the issues and affirm the judgment

BACKGROUND

          Anna
Lujan and Catherine Pronske, employees at Maxwell Books, opened the bookstore
at 9:00
 am on August 10,
 2002.  Lujan testified that she noticed a “shifty”
black male standing outside the store and made eye contact with him.  Shortly afterward, a black male wearing a
mask entered the store, pointed a gun at the two women, and demanded
money.  According to the women, the mask
appeared to be a black stocking-type cap pulled down below the man’s nose with
holes cut out for his eyes.  The robber
wore dark pants and a distinctive diamond-patterned shirt, which Lujan
recognized as the same shirt worn by the “shifty” man outside the store.  Lujan and Pronske emptied the cash registers
and the robber stuffed the paper money into his pants pockets.  The robber demanded the coins as well.  As Lujan handed the robber the coins in Maxwell
Bookstore bags, a customer and his son entered the store.  The robber told the customer “don’t even
think about it” and left the store. 
Pronske called 9-1-1, and Lujan and the customer saw the robber get into a four-door
brown car that displayed a handicapped license plate.

          Officer
Smith received a dispatch regarding a black male suspect driving a brown
four-door vehicle with handicapped license plates.  Smith, driving an unmarked police vehicle,
observed a brown four-door vehicle at an intersection with a four-way
stop.  The black male driver of the car
indicated that Smith should pull through the intersection, but Smith motioned
for the other driver to go first.  Smith
testified that he got a good look at the driver at this time.  Smith saw that the vehicle matched the
description of the suspect’s vehicle, including handicapped plates.  Smith followed the vehicle and activated his
lights and siren.  The vehicle drove onto
a dead-end street.  The driver abandoned
the vehicle and jumped over a fence.  Smith
secured the vehicle, where he found a stocking mask and a large amount of
change inside Maxwell Books bags.

          Officer
Thomas responded to Smith’s dispatch.  He
testified that as he turned into the alleyway adjacent to the fence that the
suspect had jumped, a man matching the robber’s description almost ran into his
patrol car.  The man was wearing a
diamond-patterned shirt.  Thomas pursued
the man through the neighborhood. 
Several residents pointed to where the suspect had jumped a fence into
the backyard of a residence.  Through the
fence, Thomas saw Bradden sitting on the patio, not wearing a shirt.  When backup arrived, Thomas handcuffed
Bradden.  Police found the
diamond-patterned shirt in the next yard. 
The owner of the house told the officers that she had never seen Bradden
before.  The officers put the shirt over
Bradden’s head and walked him through the house.  Smith identified Bradden as the driver who
had abandoned the vehicle and jumped the fence.

          The
car was not registered to Bradden.  Thomas
testified that he found a gun (a BB gun) just outside the first fence the
suspect had jumped.  Bradden testified in
his own defense.  According to Bradden,
he was walking for exercise wearing only a pair of black pants and his house
shoes.  He was in an alley near his home
when a police car stopped and the officer asked him for identification.  He admitted that he had crossed the yard, but
claimed that the gate was unlocked.  He
testified that the police arrested him, placed someone else’s shirt over his
head, and walked him through the house. 
He admitted to four previous convictions, two for robbery and two for
aggravated robbery.




Legal
and Factual Sufficiency

          Bradden
argues that the evidence is legally and factually insufficient to support
either his conviction for robbery or his conviction for evading arrest.  When reviewing the legal sufficiency of the
evidence, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d
560 (1979).  We review factual
sufficiency by considering all of the evidence in a neutral light to determine
whether a jury was rationally justified in finding guilt beyond a reasonable
doubt.  Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. April 21, 2004).

          Bradden
argues that a rational juror could not have found that the State proved, beyond
a reasonable doubt, that Bradden was the robber.  Specifically, Bradden notes that the police
never found the paper money taken from the store, no fingerprints connected him
to any of the evidence, and the DNA evidence was not conclusive.  The state may prove identity with
circumstantial evidence.  Earls v. State, 707 S.W.2d 82, 85 (Tex.
Crim. App. 1986); Wilson v.
State, 9 S.W.3d 852, 855 (Tex. App.—Austin 2000, no pet.).  Smith identified Bradden in court as the
driver of the vehicle he pursued.  He
identified the shirt as the shirt Bradden was wearing at the time.  He identified the mask and Maxwell Books bags
found in the vehicle Bradden abandoned. 
Thomas identified Bradden as the man he encountered in the alleyway
wearing the diamond-patterned shirt.  Lujan
identified Bradden as the man she had seen outside the bookstore, and
identified the mask and shirt worn by the robber.

          Considering
all of the evidence in the light most favorable to the verdict, the jury could
rationally have found beyond a reasonable doubt that Bradden was the
robber.  Jackson, 443 U.S. at 318-319, 99 S.Ct. at 2788-89.  The evidence is legally sufficient.  Considering all of the evidence in a neutral
light, we cannot say the jury was not rationally justified in finding that Bradden
was the robber.  Zuniga, 2004 WL 840786, at *7.  The evidence is factually sufficient.  We overrule this issue.

          Bradden
argues that the evidence was legally and factually insufficient to support his
conviction for evading arrest. 
Specifically, he contends that the evidence is insufficient to prove
that he was the operator of the vehicle and that he knew that Smith was a
police officer.  Smith identified Bradden
both at the time of the arrest and in court as the driver of the vehicle.  He testified that when he turned on the
lights and siren of his unmarked police car, Bradden continued to travel down
several residential streets, stopping only when he reached a dead end.  Smith testified that Bradden bailed out of
the car and escaped by jumping a nearby fence. 
These events were videotaped from Smith’s vehicle, and the jury viewed
the videotape.  The jury could rationally
have found beyond a reasonable doubt that Bradden was the driver of the
vehicle.  The jury could also have
rationally determined beyond a reasonable doubt that Bradden knew the driver of
the vehicle pursuing him was a police officer and that Bradden took evasive
action.  Finding the evidence legally and
factually sufficient, we overrule this issue.

Impeachment

          Bradden
argues that the trial court erred in allowing the State to impeach him with
evidence of his 1972 convictions for robbery. 
The State provided pre-trial notice that it may use two 1972 convictions
for robbery, a 1978 conviction for aggravated robbery, and two 1979 convictions
for aggravated robbery to impeach Bradden. 
Texas Rule of Evidence 609(b) prohibits use of evidence of a conviction to
impeach a witness if more than ten years has elapsed since the date of the
conviction or of the release of the witness from the confinement imposed for
that conviction, whichever is the later date, unless the court determines, in
the interests of justice, that the probative value of the conviction
substantially outweighs its prejudicial effect. 
Tex. R. Evid. 609(b).  The trial court overruled Bradden’s objection
to the use of the 1972 conviction.

          The
Court of Criminal Appeals has identified five factors which the court should
consider in balancing probative value against prejudicial effect: (1) the
impeachment value of the prior conviction; (2) the temporal proximity of the
prior conviction; (3) the similarity between the past crime and the offense
being prosecuted; (4) the importance of the defendant’s testimony; and (5) the
importance of the credibility issue.  Theus v. State, 845 S.W.2d 874, 880
(Tex. Crim. App. 1992).  The trial court
has “wide discretion” in determining the admissibility of a prior conviction
under Rule 609.  Id. at 881. 
We will set aside the court’s ruling if it “lies outside the zone of
reasonable disagreement.”  Id.

Impeachment Value

          A
crime involving deception has a higher impeachment value than a crime involving
violence.  Id.  Crimes
involving violence tend to be more prejudicial. 
Id.  The State
offered no evidence in the hearing concerning the facts of the prior convictions
with regard to their impeachment value.  Robbery
does not necessarily involve deception, but it does involve threats, force, or
violence.  Based on the limited record
before us, we hold that this factor weighs against admissibility.  See
Jackson v. State, 50 S.W.3d 579, 592 (Tex. App.—Fort Worth 2001, pet
ref’d).

Temporal Proximity

          Rule
609(b) renders a prior conviction presumptively inadmissible if it is one for
which the witness had been released from custody more than ten years before
trial.  Tex.
R. Evid. 609(b); Jackson, 50
S.W.3d at 591; Butler v. State, 890
S.W.2d 950, 954 (Tex. App.—Waco 1995, pet. ref’d).  However, a trial court may nevertheless admit
a conviction deemed too remote under this rule if the court determines that,
under the “specific facts and circumstances,” the probative value of the
conviction substantially outweighs its prejudicial effect.  Id.  The
impeachment value of a “remote” prior felony conviction increases if the State
offers evidence of the lack of reformation or subsequent felony and certain
misdemeanor convictions.  See Lucas v. State, 791 S.W.2d 35, 51
(Tex. Crim. App. 1989); Jackson, 50 S.W.3d at 591.  The State introduced evidence that Bradden
had aggravated robbery convictions in 1978 and 1979, and that Bradden had only
recently been paroled for the 1978 conviction. 
This constitutes evidence of a lack of reformation and subsequent felony
convictions.  We hold that the facts and
circumstances presented tend to support the trial court’s determination that
the probative value of the 1972 conviction substantially outweighs its
prejudicial effect.

Similarity to Charged Offense

          The
fact that a prior conviction is similar to the present offense weighs against
its admissibility because the similarity might lead a jury to “convict on the
perception of a past pattern of conduct, instead of on the facts of the charged
offense.”  Theus, 845 S.W.2d at 881. 
Bradden’s 1972 conviction was for robbery, and he was on trial for
robbery in this case.  Accordingly, this
factor weighs against the admissibility of the prior conviction.

Importance of Defendant’s Testimony/Credibility

          When
a case involves the testimony only of the defendant and the State’s witnesses,
the importance of the defendant’s testimony and credibility escalates.  Id.  As the
importance of the defendant’s credibility escalates, so does the need to allow
the State the opportunity to impeach the defendant’s credibility.  Id.  These
factors favor admissibility.

Summary

          We
accord the trial court “wide discretion” in determining whether to admit a
prior conviction for impeachment under Rule 609.  Id. at 881; White
v. State, 21 S.W.3d 642, 646-47 (Tex. App.—Waco 2000, pet. ref’d).  Three of the five factors weigh in favor of
admissibility.  Under these
circumstances, we cannot say that the court’s decision “lies outside the zone
of reasonable disagreement.”  See id. 
We overrule the issue.

CONCLUSION

          Having
overruled the issues, we affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

          (Chief Justice Gray concurs in the
result without a separate opinion.)

Affirmed

Opinion
delivered and filed December 8,
 2004

Do not publish 

[CRPM]