# NO. 12-13-00059-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE HOWARD WILSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Willie Howard Wilson appeals his conviction for evading arrest or detention with a vehicle. In one issue on appeal, Appellant challenges the legal sufficiency of the evidence to support his conviction. We affirm.

## BACKGROUND

Appellant was charged by indictment with evading arrest or detention with a vehicle, a third degree felony. The indictment also included allegations that Appellant had been convicted of two previous felonies. Appellant pleaded "not guilty," and the case proceeded to a jury trial. At the conclusion of the trial, the jury found Appellant guilty of evading arrest or detention with a vehicle as charged in the indictment, and assessed his punishment at thirty-two years of imprisonment. This appeal followed.

## LEGAL SUFFICIENCY

In his sole issue on appeal, Appellant argues that the evidence is legally insufficient to support his conviction. More specifically, he contends that there is no credible evidence that he was the driver of the vehicle that an officer of the Tyler Police Department attempted to stop.

## Standard of Review

In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010).

When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.—Corpus Christi 2006, no pet.).

## Applicable Law

A person commits the offense of evading arrest or detention with a vehicle if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him, and he used a vehicle while in flight. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2013). The state is required to prove that the accused was the person who committed the crime. *Wilson v. State*, 9 S.W.3d 852, 855 (Tex. App.—Austin 2000, no pet.). Evidence as to the identity of the perpetrator of an offense can be proved by direct or circumstantial evidence. *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); *Dudley v. State*, 205 S.W.3d 82, 88 (Tex. App.—Tyler 2006, no pet.). Eyewitness identification is not necessary to determine identity. *See Earls*, 707 S.W.2d at 85. Any discrepancies in the description of the perpetrator's appearance go to the weight and credibility of the witnesses. *Id.*

Further, no formalized procedure is required for the state to prove the identity of the accused. *Wilson*, 9 S.W.3d at 855.

**Analysis**

At trial, Officer Mark Layne, a patrol officer with the Tyler Police Department, testified that on August 16, 2012, he was on the night shift in his patrol car. At approximately 12:17 a.m., he attempted to make a traffic stop of an older two door gray or silver Saturn vehicle with a Texas license plate. Officer Layne stated that the driver failed to dim the vehicle's headlights while meeting traffic and traveling behind vehicles, a violation of Texas traffic laws. The officer turned around, began following the vehicle, and activated his overhead lights, which, in turn, activated the video recording system in his patrol car. Then, he called out the license plate number to the dispatcher. Officer Layne stated that he was fifteen to twenty feet behind the vehicle and that he noticed the driver's hair appeared to be very dark and "very unkept." However, he admitted that he could not tell anything else about the driver, not even his race. Officer Layne also stated that there was a passenger in the vehicle. The video recording from Officer Layne's patrol car admitted into evidence shows that the vehicle stopped to make a left turn shortly after the officer began following it. At that time, the officer's patrol car was directly behind the vehicle.

Officer Layne activated his siren because the vehicle traveled approximately three blocks without stopping. After he activated his siren, the vehicle ran a stop sign, drove on the wrong side of the road, and began speeding up. Officer Layne then concluded that the driver was not going to stop and was "actively evading." He decided that it was time to "call the stop" because departmental policies prevented him from pursuing the driver for a traffic offense. He pulled over and sent out a description of the vehicle, thus, allowing every unit in the department to receive that information.

According to Officer Layne, dispatch gave him the address of a person who had previously received a citation while driving that vehicle. When he traveled to the address, he discovered the vehicle he attempted to stop parked behind an outbuilding. Officer Layne stated that the vehicle's hood was "hot to the touch," and that he verified the license plate number was the same as the one he had called in to dispatch. He found Appellant in one of the apartments on the premises and recognized him by his hair. Appellant denied having a driver's license or being in the vehicle "at all." Later, he admitted that he had changed the vehicle's battery and cleaned it

up. He told Officer Layne that he had been lying down. Officer Layne admitted that if someone was lying down, it would not be uncommon for his hair to be unkept. Appellant also told the officer that he was at two other locations during the night before returning home.

Two other Tyler Police Department patrol officers testified that they saw the vehicle pursued by Officer Layne. Both officers identified Appellant as the driver of the vehicle. One officer saw the vehicle at a nearby intersection approximately two to three minutes later. He recognized the vehicle by its description as a silver Saturn but identified the vehicle as a four door car. That officer used his handheld spotlight to see the driver of the vehicle, and described him as a dark skinned black male with an Afro. Later, at the Smith County jail, he saw Officer Layne with a suspect and recognized that suspect as the same person who was driving the silver Saturn. He identified the suspect as Appellant and said that he had the same distinctive features as the driver he saw, including an Afro and dark skin.

The second officer saw the vehicle at the same intersection. He saw the driver, assisted by the other officer's spotlight, "pretty well," and identified Appellant as the driver of the vehicle. Although the first officer did not see a passenger in the vehicle, the second officer saw a white female in the vehicle.

Appellant's girlfriend testified that on August 16, 2012, Appellant had a gray two door vehicle. She admitted that he was driving the vehicle that night and that she was a passenger in the vehicle. She testified that Appellant refused to stop for the police and told her that he was going to "take off running." After viewing the video recording from Officer Layne's patrol car, Appellant's girlfriend admitted that the vehicle in the video recording was the vehicle she was riding in with Appellant.

**Conclusion**

In summary, three officers identified Appellant as the person that they saw driving a silver Saturn identified by Officer Layne as the vehicle that refused to stop. Two of the officers recalled distinctive physical features of the driver, including an Afro and dark skin. Further, Officer Layne discovered the vehicle behind a building in Appellant's apartment complex and found that the vehicle's hood was hot, indicating that it had been driven recently. Moreover, Appellant's girlfriend admitted that she was the passenger in Appellant's vehicle that night and that he refused to stop for the officer. From this evidence, the jury reasonably could have concluded that Appellant was the driver of the vehicle that refused to stop for Officer Layne.

Therefore, we conclude that the jury reasonably could have found the essential elements of evading arrest or detention with a vehicle beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 38.04(a). Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered February 28, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2014**

**NO. 12-13-00059-CR**

**WILLIE HOWARD WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1502-12)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*