# NO. 12-14-00144-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERIK DEWAYNE DRAYTON,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Eric Dewayne Drayton appeals his conviction for deadly conduct. In one issue on appeal, Appellant challenges the legal sufficiency of the evidence to support his conviction. We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of deadly conduct, a third degree felony. Appellant waived his right to a jury trial and pleaded "not guilty." After the close of evidence, the court found Appellant guilty as charged in the indictment and assessed his punishment at eight years of imprisonment. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant argues that the evidence is legally insufficient to support his conviction. More specifically, he contends there is insufficient evidence to support the trial court's conclusion that Appellant discharged the firearm in question or that he discharged the firearm in the direction of a vehicle he knew was occupied.

**Standard of Review**

In Texas, the ***Jackson v. Virginia*** standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a

criminal offense that the state is required to prove beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. ***Jackson v. Virginia***, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. ***Padilla v. State***, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010).

Sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. ***Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant was tried. ***Id.*** This standard can uniformly be applied to all trials, whether to the bench or to the jury. ***Id.***

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight of their testimony. ***Jackson***, 443 U.S at 319, 99 S. Ct. at 2789; ***Brooks***, 323 S.W.3d at 899. Direct and circumstantial evidence are treated equally. ***Clayton***, 235 S.W.3d at 778. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. ***Hernandez v. State***, 190 S.W.3d 856, 864 (Tex. App.–Corpus Christi 2006, no pet.)

## Applicable Law

A person commits the offense of deadly conduct if he knowingly discharges a firearm at or in the direction of a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied. *See* TEX. PENAL CODE ANN. § 22.05(b)(2) (West 2011). The penal code supplies no definitions to aid in the application of section 22.05(b)'s

prohibition of discharging a firearm "at or in the direction of" a habitation, building, or vehicle. *Gilbert v. State*, 429 S.W.3d 19, 22 (Tex. App.–Houston [1st Dist.] 2014, pet. ref'd); *see, e.g.*, TEX. PENAL CODE ANN. § 1.07 (West Supp. 2014); § 22.05(b)(2).

To discharge a firearm "at" an object is to shoot the weapon toward that object's location. *See, e.g.*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 77 (11th ed. 2011) (defining "at" as "a function word to indicate the goal of an indicated or implied action or motion"). Similarly, to discharge a firearm "in the direction of" an object also means to shoot toward that object's location. *See id.* at 353 (defining "direction" as "the line or course on which something is moving or is aimed to move or along which something is pointing or facing"); *see also id.* at 1322 (defining "toward" as "in the direction of"). Despite the interpretive canon that "each word, phrase, clause, and sentence should be given effect if reasonably possible," there is no meaningful difference in ordinary usage between discharging a firearm "at" a habitation, building, or vehicle and discharging it "in the direction of" a habitation, building, or vehicle. *Gilbert*, 429 S.W.3d at 22 (citing *Williams v. State*, 270 S.W.3d 140, 146 (Tex. Crim. App. 2008); *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App.1997)).

The state is required to prove that the accused was the person who committed the crime. *Wilson v. State*, 9 S.W.3d 852, 855 (Tex. App.–Austin 2000, no pet.). The identity of the perpetrator of an offense can be proved by direct or circumstantial evidence. *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); *Dudley v. State*, 205 S.W.3d 82, 88 (Tex. App.–Tyler 2006, no pet.). No formalized procedure is required for the state to prove the identity of the accused. *Wilson*, 9 S.W.3d at 855.

**The Evidence**

At trial, Rebecca Childress and her daughters, Lasasha Brown and Whitney (Brown) Edwards, described the events that resulted in Appellant's indictment for deadly conduct. Their testimony shows that, sometime shortly after 9:00 p.m. on August 19, 2013, Brown and Edwards rode in a vehicle operated by Taimeshea Calloway to Winston Park in Lufkin to watch a fight. Childress learned of her daughters' plans and drove to Winston Park to intervene. Upon arriving at the park, Childress located the vehicle her daughters were in (Calloway's vehicle) and parked behind it. She immediately noticed a group of young men running down a nearby hill towards Calloway's vehicle. Some of the young men were carrying bats and sticks.

Before the group reached Calloway's vehicle, shots were fired. Moments later, someone in the group informed the other members that they were mistaken about who was in the vehicle. According to Childress, "everybody stopped" at that point, and she saw Appellant hand a black pistol to another person. She also saw Appellant and the person with the pistol run into some nearby woods.

When law enforcement officers arrived, Childress, her daughters, and Calloway all reported what they saw to Lee Jowell, an officer with the Lufkin Police Department. Shortly thereafter, Officer Jowell found a black Smith & Wesson M&P .40 caliber pistol that had no remaining shells in the magazine and none in the chamber. The condition of the pistol and the general surrounding area where it was found were such that the pistol did not appear to have been at the location very long. Testing of the pistol verified that it functioned as designed by the manufacturer and, in the opinion of the testing officer, was a deadly weapon.

Childress testified that she did not see who fired the shots. Brown and Edwards both testified that they saw Appellant shoot the pistol, and Brown stated further that the shots were aimed towards the vehicle she was in.

**Analysis**

The State contends that the evidence is legally sufficient to show that Appellant discharged a firearm "at or in the direction of" the vehicle occupied by Brown, Edwards, and Calloway and that Appellant knew the vehicle was occupied. We agree.

Brown and Edwards testified that Appellant fired the shots and Childress testified that she saw Appellant hand a pistol to another person. Further, a pistol was found in the woods where Childress saw Appellant and the other person run after Appellant handed him the pistol. This location was a short distance from the vehicle occupied by Brown, Edwards, and Calloway. The announcement by one of the group that they were mistaken about who was in the vehicle shows that the group, including Appellant, knew the vehicle was occupied.

From this evidence, the court reasonably could have concluded that Appellant was the person who discharged the firearm on August 19, 2013 at Winston Park, that he discharged the firearm "at or in the direction of" the vehicle occupied by Brown, Edwards, and Calloway, and that he knew there were persons occupying the vehicles when he discharged the firearm. Consequently, we conclude that the court reasonably could have found the essential elements of

4

deadly conduct beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 22.05(b)(2). Therefore, the evidence is legally sufficient to support Appellant's conviction.

Appellant asserts, however, that Brown was not a credible witness; that the eyewitness statements to law enforcement describing the incident were inconsistent in some respects; and that no evidence, such as shell casings or fingerprints, directly linked the pistol to Appellant. However, the trial court, as the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony, resolved these issues against Appellant. *See Clayton*, 235 S.W.3d at 778; *Brooks*, 323 S.W.3d at 899; *Williams*, 235 S.W.3d at 750.

We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**GREG NEELEY**
Justice

Opinion delivered February 27, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 27, 2015**

**NO. 12-14-00144-CR**

**ERIK DEWAYNE DRAYTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2013-0725)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6