**Roderick Allen BRENNEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–235–CR.**

Court of Appeals of Texas, Corpus Christi.

April 5, 2001.

James M. Brooks, Windi Akins, Atkins & Brooks, Houston, for Appellant.

Charles A. Rosenthal, Jr., Calvin A. Hartmann, Asst. Dist. Atty., Houston, for Appellee.

Before Justices DORSEY, YAÑEZ, and SEERDEN.[1]

## OPINION

YAÑEZ, Justice.

Appellant, Roderick Allen Brenneman,

**1.** Retired Chief Justice Robert Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003 (Vernon 1998).

appeals his conviction for assault.[2] After the jury convicted appellant, the judge entered a finding that appellant selected his victim primarily because of appellant's bias or prejudice against homosexuals (a "hate crime finding") and assessed punishment at one year in jail and a $4,000 fine. In a single issue, appellant contends article 42.014 of the Texas Code of Criminal Procedure (the "Texas Hate Crime Statute")[3] is void for vagueness in violation of the due process clause of the Fourteenth Amendment of the United States Constitution. We affirm.

## Background

Michael Arrington, the victim, testified that he and his wife live in an apartment near downtown Houston. A night club frequented by gays is located nearby. On the evening of October 9, 1998, Arrington left his apartment about 11:00 p.m. to walk his dog. He testified that as he walked down the street, he noticed the appellant walking along the street looking at cars parked near the night club. Arrington testified that appellant called him a "pervert" and a "homosexual."[4] Arrington responded that he was married, had children, and was not a homosexual. Arrington testified that appellant attacked him with a knife, cutting him several times on the arm and shoulder and stabbing him in the eye. The wound to Arrington's eye resulted in the loss of the eye. Arrington returned to his building, encountered his landlord, and reported the attack. Nearby police officers were notified, and shortly thereafter, appellant was arrested near the scene of the attack.

2. See TEX.PEN.CODE ANN. § 22.01 (Vernon Supp.2001).

3. See TEX.CODE CRIM.PROC.ANN. art. 42.014 (Vernon Supp.2001).

Appellant was charged with the felony offense of aggravated assault. The indictment included an enhancement paragraph stating that the victim was selected primarily because of appellant's bias and prejudice against homosexuals. See TEX. CODE CRIM.PROC.ANN. art. 42.014 (Vernon Supp.2001); TEX.PEN.CODE ANN. § 12.47 (Vernon Supp.2001). The jury found him guilty of the lesser-included offense of assault. At the punishment phase, appellant urged a motion to quash the indictment on grounds that the hate crimes statute is unconstitutionally vague. The trial court denied the motion and entered a finding that appellant selected the victim primarily because of appellant's bias and prejudice against homosexuals.

## Discussion

Article 42.014 of the Texas Code of Criminal Procedure provides:

> In the punishment phase of the trial of an offense under the Penal Code, if the court determines that the defendant intentionally selected the victim primarily because of the defendant's bias or prejudice against a group, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of that case.

TEX.CODE CRIM.PROC.ANN. art. 42.014 (Vernon Supp.2001). If the trial court makes an affirmative finding under article 42.014, the punishment for the offense is increased to the punishment prescribed for the next highest category of offense. See TEX.PEN. CODE ANN. § 12.47 (Vernon Supp. 20001).

■ Appellant contends that article 42.014 is unconstitutionally void for vague-

4. Appellant denied calling Arrington a pervert and a homosexual. Appellant testified that he called Arrington a "sorry son of a bitch" because he feared that Arrington was going to rob him.

ness on its face because it violates the due process clause of the Fourteenth Amendment to the United States Constitution. Specifically, appellant argues that the term "group" is unconstitutionally vague because it fails to provide fair notice of the forbidden conduct and creates the potential for arbitrary and selective enforcement.

When reviewing the constitutionality of a statute, we begin with the presumption that the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting the statute. *See Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim.App.1978); *State v. Wofford,* 34 S.W.3d 671, 678 (Tex.App.—Austin 2000, no pet.); *Sepulveda v. State,* 729 S.W.2d 954, 956 (Tex.App.—Corpus Christi 1987, pet. ref'd). The burden is on the challenging appellant to prove that the statute is unconstitutional. *See Granviel,* 561 S.W.2d at 511; *Wofford,* 34 S.W.3d at 678; *Sepulveda,* 729 S.W.2d at 956. Appellate courts must uphold the statute if it can be reasonably construed to be constitutional. *See Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979); *Wofford,* 34 S.W.3d at 678. A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his or her contemplated conduct is forbidden by statute or if it encourages arbitrary and erratic arrests and convictions. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Cotton v. State,* 686 S.W.2d 140, 141 (Tex.Crim.App. 1985); *Guerrero v. State,* 820 S.W.2d 378, 383–84 (Tex.App.—Corpus Christi 1991, pet. ref'd); *Sepulveda,* 729 S.W.2d at 956. A statute must establish determinate guidelines for law enforcement. *Long v. State,* 931 S.W.2d 285, 287 (Tex.Crim.App. 1996). A statute is impermissibly vague if it delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis. *Bynum v. State,* 767 S.W.2d 769, 775 (Tex.Crim.App. 1989) (citing *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). A statute is not vague or indefinite merely because its words or phrases are not specifically defined. *State v. Edmond,* 933 S.W.2d 120, 126 (Tex.Crim.App.1996); *Bynum,* 767 S.W.2d at 774. When a statute undergoes a vagueness challenge where no First Amendment rights are involved, the reviewing court need only scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging party's specific conduct. *Bynum,* 767 S.W.2d at 774.

Here, appellant contends the statute "is vague on its face within the meaning of the Due Process Clause." A facial challenge to a statute on the basis of vagueness will be upheld only if the statute is impermissibly vague in all its applications. *Wofford,* 34 S.W.3d at 678 (citing *Briggs v. State,* 740 S.W.2d 803, 806 (Tex. Crim.App.1987)). A facial challenge is the most difficult because the challenger must establish that no set of circumstances exists under which the statute would be valid. *Id.* (citing *Briggs v. State,* 789 S.W.2d 918, 923 (Tex.Crim.App.1990)).

When challenging the constitutionality of a statute, a defendant must first make a showing that the statute is unconstitutional as applied to him; that it may be unconstitutional as to others is not sufficient. *Vuong v. State,* 830 S.W.2d 929, 941 (Tex.Crim.App.1992); *Santikos v. State,* 836 S.W.2d 631, 633 (Tex.Crim.App. 1992); *Bynum,* 767 S.W.2d at 774; *Wofford,* 34 S.W.3d at 678.

In the present case, appellant has failed to provide any substantive argument that article 42.014 is unconstitutionally vague as applied to him. In fact, appellant apparently concedes that the statute is *not* un-

constitutionally vague as applied to him. In his brief, he asserts that he is "entitled to make a facial challenge to [a]rticle 42.014 *despite the fact the statute as applied to him did involve a legitimate and specific bias group (i.e. homosexuals).*" (emphasis supplied). We interpret appellant's statement as an admission that the statute is not unconstitutionally vague as applied to him. Accordingly, we conclude that by failing to establish that article 42.014 is unconstitutionally vague as applied to him, appellant has waived his challenge to the statute. We overrule appellant's sole point of error and affirm the judgment of the trial court.