NUMBER 13-02-586-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

MARY SOCORRO AVILA CASTILLO,                                        Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 398th District Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, Mary Socorro Avila Castillo, challenges her conviction for tampering with
physical evidence by four issues: (1) the trial court erred by denying appellant’s motion to
sever offenses under penal code section 3.04; (2) the trial court abused its discretion by
denying appellant’s three motions to sever defendants under article 36.09 of the code of
criminal procedure; (3) the evidence adduced at trial is legally insufficient to support
appellant’s conviction; and (4) penal code section 37.05, under which appellant was
convicted, is unconstitutional as applied to appellant. Based on the following conclusions,
we overrule appellant’s issues and affirm the judgment of the trial court: (1) appellant’s
substantial rights were not affected by the trial court’s erroneous denial of her motion to
sever offenses, (2) appellant cannot appeal her motion to sever defendants because
appellant was acquitted of the charges for which she had co-defendants, (3) the evidence
is legally sufficient to prove that appellant knowingly concealed a murder weapon, and (4)
appellant has failed to demonstrate that penal code section 37.05 is unconstitutional as
applied to her. 
Background 
This case arises out of a gang-related drive-by shooting in which one person was
killed and another was wounded at a New Year’s Eve party in Mercedes, Texas. On
August 2, 2001, appellant was charged by indictment with one count of tampering with
physical evidence for allegedly discarding the weapon used in the shooting in an irrigation
canal. This charge became cause number CR-2189-01-I. On February 14, 2002,
appellant was charged by a separate indictment with one count of murder for the killing of
Francisco Sanchez and one count of attempted capital murder for the wounding of Rafael
Almanza, the victims of the drive-by shooting. These charges became cause number CR-418-02-I. The trial court elected to join appellant’s cases with the cases against her
husband, Felix Castillo, and her cousin, Javier Hernandez Reyes. All three were co-defendants on the murder and capital murder charges, but only appellant was charged with
tampering with evidence. The trial court denied appellant’s motions to sever offenses and
defendants. After a jury trial, appellant was acquitted of the murder and attempted murder
charges but was convicted of tampering with evidence and sentenced to seven-and-a-half
years’ imprisonment. This appeal ensued. 
I. Motion to Sever Offenses
In her first issue, appellant contends that the trial court erred in denying her motion
to sever offenses, which argued that severance was mandatory because the State failed
to provide thirty days’ written notice of its intention to seek joinder of offenses under section
3.02 of the penal code and because appellant requested severance under section 3.04 of
the penal code. See Tex. Penal Code Ann. §§ 3.02(b), 3.04(a) (Vernon 2003). 
Section 3.02 of the penal code provides that a defendant may be prosecuted in a
single criminal action for all offenses arising out of the same criminal episode. Tex. Penal
Code Ann. § 3.02(a). “Criminal episode” meansthe commission of two or more offenses, regardless of whether the harm is
directed toward or inflicted upon more than one person or item of property,
under the following circumstances: (1) the offenses are committed pursuant
to the same transaction or pursuant to two or more transactions that are
connected or constitute a common scheme or plan; or (2) the offenses are
the repeated commission of the same or similar offenses.
 
Tex. Penal Code Ann. § 3.01 (Vernon 2003). When a single criminal action is based on
more than one charging instrument, the State must file written notice of the action not less
than thirty days before trial. Tex. Penal Code Ann. § 3.02(b). No such notice was filed by
the State in this case.  
          We must determine whether the trial court committed reversible error by denying
appellant’s motion to sever offenses based on lack of written notice by the State. The
Texas Court of Criminal Appeals has acknowledged that section 3.02(b) is simply a notice
provision. LaPorte v. State, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992). The record
shows that appellant received more than thirty days’ notice that the offenses would be
joined. The trial court announced the joinder of offenses in open court in appellant’s
presence approximately three months before trial. Although the notice was not in writing
and not filed by the State, we conclude that any error in this procedure did not harm
appellant or affect her substantial rights, as she was given more than adequate notice of
the joinder. See Tex. R. App. P. 44.2(b). 
          Appellant also contends that the trial court erred by denying her motion to sever
offenses because, under section 3.04 of the penal code, she had an absolute right to sever
offenses. See Tex. Penal Code Ann. § 3.04(a). The State concedes that the trial court
had no discretion to deny the motion to sever but argues that the error is not grounds for
reversal because appellant was not harmed by joinder of the offenses. Our disposition of
this issue will therefore hinge on a harm analysis under appellate rule of procedure 44.2(b).
See Tex. R. App. P. 44.2(b); Llamas v. State, 12 S.W.3d 469, 470 (Tex. Crim. App. 2000). 
We must determine whether the trial court’s error affected a substantial right of appellant
by having a substantial and injurious effect or influence on the jury’s verdict. Morales v.
State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). 
          Appellant contends that joinder of the offenses was harmful because it forced her
to defend against more than one charge at the same time. She also complains that it
allowed the jury to learn that she was involved in a “gang war” and had committed
extraneous offenses. Finally, appellant argues that if the offenses had been severed as
she had requested, Javier Hernandez Reyes, one of her co-defendants, would not have
testified against her. 
          Appellant’s contention that she suffered sufficient harm solely because she had to
defend against more than one charge at the same time is without merit. If we accepted
such a contention, every violation of section 3.04 would automatically amount to reversible
error. By definition, a trial court’s denial of a section 3.04 motion to sever offenses will
always cause the defendant to defend against more than one offense at the same time. 
Although section 3.04 is a mandatory statute, the violation of a mandatory statute does not,
by itself, call for the reversal of the conviction. Ford v. State, 73 S.W.3d 923, 925 (Tex.
Crim. App. 2002); Llamas v. State, 12 S.W.3d 469, 470–71 (Tex. 2000) (holding that
violations of section 3.04 are subject to harm analyses). If the record shows that the
defendant was not harmed by the error, the error must be disregarded. Ford, 73 S.W.3d
at 925. 
          Appellant’s other contentions are likewise without merit. Evidence that appellant
had been involved in a “gang war” would have been admitted even if appellant had been
tried separately on the evidence-tampering charge. A person commits the offense of
tampering with evidence if, knowing that an investigation or official proceeding is pending
or in progress, she alters, destroys, or conceals any record, document, or thing with intent
to impair its verity, legibility, or availability as evidence in the investigation or proceeding. 
Tex. Penal Code Ann. § 37.09(a)(1) (Vernon 2003). Thus, the State had the burden of
proving, as an element of the offense, that appellant knew a police investigation was
pending. Proof of this element would have entailed showing the circumstances of the
drive-by shooting and the events that followed, as well as appellant’s involvement in the
incident and aftermath. In other words, appellant’s involvement in a “gang war” would have
come to the jury’s attention regardless of whether the offenses were severed. 
          Appellant also complains that her extraneous offenses were allowed to come out
through cross-examination testimony which would not have been admitted if the charged
offenses had been severed. The testimony appellant complains of was elicited from
appellant’s sister, Irene Avila, who was asked at trial whether appellant had been arrested
for committing assault. Irene denied knowing anything about the assault, but testified that
she had visited appellant while she was in jail. Because Irene was called to testify by one
of appellant’s co-defendants, not by the State or by appellant, we cannot conclude that the
same testimony would have necessarily been given in a separate trial on the tampering
charge; however, we also cannot conclude that Irene’s testimony had a substantial and
injurious effect or influence on the jury’s verdict because she also testified that appellant
was a “good person.”
          Finally, we cannot conclude that Javier Hernandez Reyes, one of appellant’s co-defendants, would not have testified in a separate trial on the tampering charge. Appellant
speculates that Reyes would not have testified, but we have no assurance that appellant
is correct. Reyes provided incriminating testimony on appellant’s tampering charge. Even
if that charge had been tried separately, the State could have subpoenaed Reyes and
secured his court appearance by writ of attachment. See Tex. Code Crim. Proc. Ann. arts.
24.01, 24.12 (Vernon 1989).
          After reviewing the entire record, we cannot conclude that appellant was harmed by
the trial court’s erroneous denial of her motion to sever offenses under section 3.04. 
Because none of appellant’s substantial rights were affected by the error, the error must
be disregarded. See Tex. R. App. P. 44.2(b). Appellant’s first issue is overruled.
II. Motions to Sever Defendants
          In her second issue, appellant asserts that the trial court erred in denying her three
pre-trial motions to sever defendants. See Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon
1981). Appellant’s motions requested that the trial court sever defendants in cause number
CR-418-02-I, the cause number involving charges of murder and attempted murder. 
Appellant did not file a motion to sever defendants in cause number CR-2189-01-I, the
evidence-tampering charge, because she was the only defendant in that cause number. 
The trial court’s denial of appellant’s motions to sever in cause number CR-418-02-I cannot
be appealed because appellant was acquitted of the offenses charged in that cause. See
State v. Savage, 933 S.W.2d 497, 500 (Tex. Crim. App. 1996) (“a verdict of acquittal may
not be reviewed”). Accordingly, appellant’s second issue is overruled. 
III. Legal Sufficiency of the Evidence 
          Appellant’s third issue challenges the legal sufficiency of the evidence to support her
conviction. When reviewing the legal sufficiency of the evidence, we view the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim.
App. 2003). We are not fact finders; our role is that of a due process safeguard, ensuring
only the rationality of the trier of fact’s finding of the essential elements of the offense
beyond a reasonable doubt. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988). 
          As discussed above, a person commits the offense of tampering with evidence if,
knowing that an investigation or official proceeding is pending or in progress, she alters,
destroys, or conceals any record, document, or thing with intent to impair its verity,
legibility, or availability as evidence in the investigation or proceeding. Tex. Penal Code
Ann. § 37.09(a)(1). The State’s indictment alleged that appellant tampered with evidence
by concealing the murder weapon. The record contains evidence to prove this allegation,
as it shows that appellant, knowing that an investigation was in progress, concealed the
murder weapon by throwing it in a canal, with the intent to impair its availability as evidence
in the investigation. Although appellant argues that she actually intended to destroy rather
than conceal the weapon, we nonetheless conclude that a rational trier of fact could have
found that appellant intended to conceal the weapon. Appellant’s third issue is therefore
overruled.
IV. Constitutionality of Statute
          In her fourth issue, appellant contends that section 37.09 of the penal code is, in
part, unconstitutional because defendants have constitutional rights to conceal evidence
from the police.


 A statute is presumed to be constitutional, and the burden of
demonstrating unconstitutionality is upon the party attacking the statute. Tex. Gov’t Code
Ann. § 311.021(1) (Vernon 1998); Rodriguez v. State, 93 S.W.3d 60, 69 (Tex. Crim. App.
2002). To prevail, appellant must first show that the statute is unconstitutional as applied
to her. Brenneman v. State, 45 S.W.3d 729, 732 (Tex. App.—Corpus Christi 2001, no
pet.). 
          Appellant has not carried this burden. She argues that she has a Fifth Amendment
right not to testify against herself, but she has failed to establish that her privilege against
self-incrimination is in any way encroached upon by the law prohibiting the concealment
of evidence in a criminal investigation. Indeed, the Fifth Amendment privilege against self-incrimination does not apply to every sort of incriminating evidence—only to testimonial
communications that are incriminating. See Williams v. State, 116 S.W.3d 788, 791 (Tex.
Crim. App. 2003) (citing Fisher v. U.S., 425 U.S. 391, 408 (1976)). Appellant has not
argued that the weapon she concealed was an incriminating testimonial communication,
nor do we think such an argument would have been plausible. According to appellant, the
law implies that defendants must volunteer all incriminating evidence to law enforcement
agents; however, no authority is cited for this proposition, and no arguments are made in
support of it. Finding no support for appellant’s contention in the law, we conclude that
appellant has not carried her burden of establishing that the statute is unconstitutional as
applied to her. Appellant’s fourth issue is overruled. 
V. Conclusion 
          Appellant’s conviction is affirmed. 
 
DORI CONTRERAS GARZA,
                                                                           Justice
 
Concurring Memorandum Opinion 
by Justice Errlinda Castillo.
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 2nd day of June, 2005.