NUMBER 13-99-235-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


RODERICK ALLEN BRENNEMAN, Appellant,


v.



THE STATE OF TEXAS Appellee.

____________________________________________________________________


On appeal from the 228th District Court of Harris County,

Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Seerden(1) 


Opinion by Justice Yañez


 Appellant, Roderick Allen Brenneman, appeals his conviction for
assault.(2) After the jury convicted appellant, the judge entered a finding
that appellant selected his victim primarily because of appellant's bias
or prejudice against homosexuals (a "hate crime finding") and assessed
punishment at one year in jail and a $4,000 fine. In a single issue,
appellant contends article 42.014 of the Texas Code of Criminal
Procedure (the "Texas Hate Crime Statute")(3) is void for vagueness in
violation of the due process clause of the Fourteenth Amendment of the
United States Constitution. We affirm.

Background


 Michael Arrington, the victim, testified that he and his wife live in
an apartment near downtown Houston. A night club frequented by
gays is located nearby. On the evening of October 9, 1998, Arrington
left his apartment about 11:00 p.m. to walk his dog. He testified that
as he walked down the street, he noticed the appellant walking along
the street looking at cars parked near the night club. Arrington testified
that appellant called him a "pervert" and a "homosexual."(4) Arrington
responded that he was married, had children, and was not a
homosexual. Arrington testified that appellant attacked him with a
knife, cutting him several times on the arm and shoulder and stabbing
him in the eye. The wound to Arrington's eye resulted in the loss of the
eye. Arrington returned to his building, encountered his landlord, and
reported the attack. Nearby police officers were notified, and shortly
thereafter, appellant was arrested near the scene of the attack.

 Appellant was charged with the felony offense of aggravated
assault. The indictment included an enhancement paragraph stating
that the victim was selected primarily because of appellant's bias and
prejudice against homosexuals. See Tex. Code Crim. Proc. Ann. art.
42.014 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 12.47 (Vernon Supp.
2001). The jury found him guilty of the lesser-included offense of
assault. At the punishment phase, appellant urged a motion to quash
the indictment on grounds that the hate crimes statute is
unconstitutionally vague. The trial court denied the motion and entered
a finding that appellant selected the victim primarily because of
appellant's bias and prejudice against homosexuals. 

Discussion


 Article 42.014 of the Texas Code of Criminal Procedure
provides: In the punishment phase of the trial of an offense under the
Penal Code, if the court determines that the defendant
intentionally selected the victim primarily because of the
defendant's bias or prejudice against a group, the court shall
make an affirmative finding of that fact and enter the
affirmative finding in the judgment of that case.

Tex. Code Crim. Proc. Ann. art. 42.014 (Vernon Supp. 2001). If the trial
court makes an affirmative finding under article 42.014, the punishment
for the offense is increased to the punishment prescribed for the next
highest category of offense. See Tex. Pen. Code Ann. § 12.47 (Vernon
Supp. 20001). 

 Appellant contends that article 42.014 is unconstitutionally void
for vagueness on its face because it violates the due process clause of
the Fourteenth Amendment to the United States Constitution. 
Specifically, appellant argues that the term "group" is unconstitutionally
vague because it fails to provide fair notice of the forbidden conduct and
creates the potential for arbitrary and selective enforcement. 

 When reviewing the constitutionality of a statute, we begin with
the presumption that the statute is valid and that the legislature did not
act unreasonably or arbitrarily in enacting the statute. See Ex parte
Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); State v.
Wofford, 34 S.W3d 671, 678 (Tex. App.--Austin 2000, no pet.);
Sepulveda v. State, 729 S.W.2d 954, 956 (Tex. App.--Corpus Christi
1987, pet. ref'd). The burden is on the challenging appellant to prove
that the statute is unconstitutional. See Granviel, 561 S.W.2d at 511;
Wofford, 34 S.W3d at 678; Sepulveda, 729 S.W.2d at 956. Appellate
courts must uphold the statute if it can be reasonably construed to be
constitutional. See Ely v. State, 582 S.W.2d 416, 419 (Tex. Crim. App.
1979); Wofford, 34 S.W3d at 678. A statute is void for vagueness if it
fails to give a person of ordinary intelligence fair notice that his or her
contemplated conduct is forbidden by statute or if it encourages
arbitrary and erratic arrests and convictions. Papachristou v. City of
Jacksonville, 405 U.S. 156, 162 (1972); Cotton v. State, 686 S.W.2d
140, 141 (Tex. Crim. App. 1985); Guerrero v. State, 820 S.W.2d 378,
383-84 (Tex. App.--Corpus Christi 1991, pet. ref'd); Sepulveda, 729
S.W.2d at 956. A statute must establish determinate guidelines for law
enforcement. Long v. State, 931 S.W.2d 285, 287 (Tex. Crim. App.
1996). A statute is impermissibly vague if it delegates basic policy
matters to policemen, judges, and juries for resolution on an ad hoc and
subjective basis. Bynum v. State, 767 S.W.2d 769, 775 (Tex. Crim.
App. 1989) (citing Grayned v. City of Rockford, 408 U.S. 104, 108-09
(1972)). A statute is not vague or indefinite merely because its words
or phrases are not specifically defined. State v. Edmond, 933 S.W.2d
120, 126 (Tex. Crim. App. 1996); Bynum, 767 S.W.2d at 774. When
a statute undergoes a vagueness challenge where no First Amendment
rights are involved, the reviewing court need only scrutinize the statute
to determine whether it is impermissibly vague as applied to the
challenging party's specific conduct. Bynum, 767 S.W.2d at 774. 

 Here, appellant contends the statute " is vague on its face within
the meaning of the Due Process Clause." A facial challenge to a statute
on the basis of vagueness will be upheld only if the statute is
impermissibly vague in all its applications. Wofford, 34 S.W3d at 678
(citing Briggs v. State, 740 S.W.2d 803, 806 (Tex. Crim. App. 1987)). 
A facial challenge is the most difficult because the challenger must
establish that no set of circumstances exists under which the statute
would be valid. Id. (citing Briggs v. State, 789 S.W.2d 918, 923 (Tex.
Crim. App. 1990)). 

 When challenging the constitutionality of a statute, a defendant
must first make a showing that the statute is unconstitutional as
applied to him; that it may be unconstitutional as to others is not
sufficient. Vuong v. State, 830 S.W.2d 929, 941 (Tex. Crim. App.
1992); Santikos v. State, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992);
Bynum, 767 S.W.2d at 774; Wofford, 34 S.W3d at 678.

 In the present case, appellant has failed to provide any substantive
argument that article 42.014 is unconstitutionally vague as applied to
him. In fact, appellant apparently concedes that the statute is not
unconstitutionally vague as applied to him. In his brief, he asserts that
he is "entitled to make a facial challenge to [a]rticle 42.014 despite the
fact the statute as applied to him did involve a legitimate and specific
bias group (i.e. homosexuals)." (emphasis supplied). We interpret
appellant's statement as an admission that the statute is not
unconstitutionally vague as applied to him. Accordingly, we conclude
that by failing to establish that article 42.014 is unconstitutionally vague
as applied to him, appellant has waived his challenge to the statute. 
We overrule appellant's sole point of error and affirm the judgment of
the trial court. 

 

 
 

 LINDA REYNA YAÑEZ

 Justice


 


Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

5th day of April, 2001.


1. Retired Chief Justice Robert Seerden assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003
(Vernon 1998).
2. See Tex. Pen. Code Ann. § 22.01 (Vernon Supp. 2001).
3. See Tex. Code Crim. Proc. Ann. art. 42.014 (Vernon Supp. 2001).
4. Appellant denied calling Arrington a pervert and a homosexual. Appellant
testified that he called Arrington a "sorry son of a bitch" because he feared that
Arrington was going to rob him.