Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-08-00191-CR

Humberto **CAMPOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-1328
Honorable Pat Priest, Judge Presiding

Opinion by:    Alma L. López, Chief Justice

Sitting:       Alma L. López, Chief Justice
               Catherine Stone, Justice
               Sandee Bryan Marion, Justice

Delivered and Filed:  October 15, 2008

AFFIRMED

Humberto Campos was convicted of the offense of burglary after a trial by jury.  On appeal, Campos contends the evidence is legally and factually insufficient to support his conviction.  We affirm the trial court's judgment.

### BACKGROUND

On July 24th, 2006, Jorge Vasquez (Vasquez) and his family left San Antonio for a vacation in Las Vegas.  The family left three cars, a white Kia Sephia, a red Ford Explorer, and a silver Honda

Accord, parked in their driveway and three corresponding sets of car keys hanging in their kitchen. Vasquez did not give anyone permission to enter his home during his vacation; however, Vasquez learned from his sister-in-law that someone broke into his home through a window. Returning home the following day, the family found that the three parked cars, including their corresponding car keys, and numerous other items were missing.

Vasquez's neighbors called Vasquez's sister-in-law, Sharon Vasquez (Sharon), and told her that the police were at Vasquez's house. Sharon went to the Vasquez's home and met the police, who took her to the location where Vasquez's Explorer was parked, unlocked, and with no keys inside. Sharon had the Explorer towed back to Vasquez's house. She immediately called the insurance company for the other missing vehicles' license plates and reported the numbers to the police.

On July 25th, 2006, Officer Cruz Esquivel was conducting surveillance of a high volume drug trafficking area, when he observed the stolen Kia and Honda drive up and park next to each other. A man exited the Kia to engage in an apparent drug transaction with a pedestrian. Subsequently, the pedestrian jumped into the passenger seat of the Honda, which drove away before Office Esquivel could record the Honda's license plate. After discovering the Kia had been reported as a stolen vehicle, Officer Esquivel pursued the Kia and apprehended Jesse Marroquin (Marroquin) after he fled the crashed Kia.

After receiving additional details regarding the Vasquez burglary, Officer Esquivel believed the Honda he had seen earlier matched the description of the Honda stolen from the Vasquez residence. He also learned from Marroquin that the Kia and Honda had been stolen in a burglary,

and the person driving the Honda was named "Beto." Officer Esquivel contacted Officer Darryl Stewart, the night shift officer for the assigned area.

Officer Stewart knew Humberto Campos went by the nickname "Beto," and he also knew that Campos was a close friend of Marroquin. Based on this information, Officer Stewart went to the area where Campos was known by local residents, and local residents confirmed they had seen Campos driving a silver Honda Accord earlier that day. Officer Stewart was told a person on the block had been picked up in the Honda and would be returning that day. When the Honda returned to the area, Officer Stewart stopped the car, and both the driver and passenger, Campos and Samuel Salas respectively, were arrested.

The fingerprint examiner, Vernon Ginn, examined the Honda for fingerprints. He compared latent fingerprints, which were lifted from the burglarized home, to the known fingerprints of Campos and Marroquin. The results were negative; however, the fingerprints lifted from the stolen Honda were not legible. Further, Ginn explained that the absence of fingerprints did not prove Campos or Marroquin were not present because obtaining actual fingerprints is rare in most cases.

At trial, Campos testified he bought the Honda from a Mexican national who wanted $3,500.00 but was willing to accept $1,500.00 cash. Campos explained that the man did not provide him with the original title, but instead gave him a copy with the understanding that the original would soon follow. Campos placed a copy of the title in the glovebox, where it remained during his arrest. Campos also testified he was a friend of Marroquin but claimed he did not burglarize Vasquez's residence. Parts of his testimony, however, was contradicted by a DVD of his statement to the police, which was played for the jury, but not offered into evidence. In his statement to the police, Campos stated he did not know Marroquin, described the situation as a mere coincidence,

and explained he paid for the car with money received from work and child support. At trial, Campos denied the earlier statements he made to the police were true and claimed he was high on methamphetamine and heroin when he gave those statements.

## DISCUSSION

In his first issue, Campos asserts the evidence is legally insufficient to support his conviction. We review the legal sufficiency of the evidence, whether direct or circumstantial, in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Kutzner*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). As the exclusive judge of the credibility of the witnesses, the trier of fact may choose to believe all, some, or none of the testimony or evidence presented. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996); *Sonnier v. State*, 913 S.W.2d 511, 514 (Tex. Crim. App. 1995); *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

In his second issue, Campos asserts the evidence is factually insufficient to support his conviction. We review the factual sufficiency of the evidence by carefully considering all of the evidence in a neutral light and only reversing if: (1) the evidence is so weak that it makes the verdict clearly wrong or manifestly unjust, or (2) the verdict goes against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006) (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Although we analyze all of the evidence presented at trial, the trier of fact is the sole judge of the credibility of the witnesses and the weight given to their testimony. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Evidence is so weak as to make a

verdict clearly wrong or manifestly unjust only if the jury's finding "shocks the conscience" or "clearly demonstrates bias." *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997) (citing *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996); *Meraz v. State*, 785 S.W.2d 146, 149 (Tex. Crim. App. 1990)).

A person commits the offense of burglary of a habitation if, without the effective consent of the owner, he enters a habitation with the intent to commit theft or enters a habitation and commits or attempts to commit theft. TEX. PENAL CODE § 30.02(a)(3) (Vernon 2008). Pursuant to section 7.01 of the Texas Penal Code, a person can be held criminally responsible as a party to the offense. TEX. PENAL CODE § 7.01 (Vernon 2008). In this case, Campos was charged both individually and as a party, and the jury found Campos "guilty of burglary of a habitation as charged in the indictment."

Campos contends the evidence was insufficient to prove that he was the person who actually committed the offense, either personally or as a party. Campos argues that no rational trier of fact could have found beyond a reasonable doubt that he was the person who burglarized Vasquez's residence because there was no evidence that he actually entered the residence with intent to commit theft, attempted to commit theft, or participated as a party to the offense. Campos points out that burglary, unlike mere theft, requires proof that a person actually enters a habitation, and consequently, the evidence falls short in supporting that element.

Identity of the defendant to a burglary may be proven by an inference. *United States v. Quimby*, 636 F.2d 86, 90 (5th Cir. 1981); *Roberson v. State,* 16 S.W.3d 156, 167 (Tex. App. –Austin 2000, pet. ref'd). "When there is no direct evidence of the perpetrator's identity elicited from trial witnesses, no formalized procedure is required for the State to prove the identity of the accused."

*Roberson*, 16 S.W.3d at 167; *See also Sepulveda v. State*, 729 S.W.2d 954, 957 (Tex. App. –Corpus Christi 1987, pet. ref'd.). As a result, the jury may draw reasonable inferences from basic to ultimate facts to determine a defendant's identity. *Jackson v. Virginia,* 443 U.S. at 319.

Moreover, it is well settled that a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Rollerson v. State*, 227 S.W.3d 718, 723-24 (Tex. Crim. App. 2007); *Poncio v. State*, 185 S.W.3d 904, 904 (Tex. Crim. App. 2006); *Espinosa v. State*, 463 S.W.2d 8, 10 (Tex. Crim. App. 1971). In other words, it is sufficient for the State to prove, beyond a reasonable doubt, a defendant's guilt of burglary by presenting evidence of the defendant's personal, recent, and unexplained possession of the stolen items. *Rollerson*, 227 S.W.3d at 723-24.

Here, the testimony establishes that Campos was seen driving the stolen Honda at 6:45 p.m. on July 25, 2006, the day after the burglary occurred, and also at 3:00 a.m., the following morning. Such testimony is sufficient to provide proof that Campos was in possession of the recently stolen property and could lead a rational trier of fact to infer that Campos entered Vasquez's home with the intent to commit theft. Therefore, looking at the evidence in the light most favorable to the prosecution, a reasonable jury could have found the essential element of actual entry proven beyond a reasonable doubt.

Campos attempted to explain his possession of the stolen Honda by testifying he purchased it from a Mexican national; however, the State presented the jury with prior statements Campos made to the police that contradicted Campos's explanation. Under both a legal and factual sufficiency standard, the trier of fact is the exclusive judge of the credibility of the witness and may choose to believe any parts of the defendant's testimony or other evidence presented. *Jones*, 944

S.W.2d at 647; *Sonnier*, 913 S.W.2d at 514; *Chambers*, 805 S.W.2d at 461. Accordingly, it was within the trier of fact's province to reject Campos's explanation.

Therefore, the evidence is legally and factually sufficient to support Campos's conviction. Both of Campos's issues are overruled.

## CONCLUSION

We affirm the trial court's judgment.

Alma L. López, Chief Justice

DO NOT PUBLISH