

NUMBER 13-13-00370-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANTONIO DEALLEN DEAN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 199th District Court
### of Collin County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, Antonio DeAllen Dean, guilty of the offense of aggravated robbery, a first degree felony, and sentenced him to twenty years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. *See* TEX. PENAL CODE ANN. § 29.03(a) (West, Westlaw through Ch. 46 2015 R.S.). By one issue, Dean contends that the evidence was legally insufficient to prove that he committed the crime. We affirm.

# I.  BACKGROUND[1]

At trial, the victim testified that on June 13, 2012, at approximately 4:25 p.m., two men wearing sunglasses and hoodies robbed him at gunpoint in the parking lot outside the Collin Creek Mall in Plano, Texas.  The victim testified that the robbery occurred while he was sitting in his car before the start of his 5:00 p.m. shift at Subway.  The victim further testified that as the two robbers fled the scene in their getaway car, which he described as a brown Grand Marquis, he wrote down the license plate number and pursued the car in his own vehicle for a short distance. The victim testified that during this pursuit, he saw a "blond[e] female" wearing a pink shirt inside the getaway car.  A short time later, the victim returned to the Collin Creek Mall to begin work at Subway.

At 5:32 p.m., while at work, the victim called the police to report the incident. Although the victim testified at trial that the robbery occurred at approximately 4:25 p.m., he initially told the police that the robbery occurred thirty minutes prior to his call, which would have put the time of the robbery at approximately 5:02 p.m.

The day after the robbery, on June 14, 2012, the police were able to trace the use of the getaway car to appellant's brother, Cedric Dean, using the license plate number that the victim provided.  Based on this lead, the police interviewed appellant at his apartment.  Regarding his whereabouts on the day of the robbery, appellant told the police that he stayed home almost all day and only visited Walmart. The police obtained video surveillance from Walmart purporting to show that appellant and his brother were inside the store from 4:50 p.m. to approximately 5:26 p.m. on the day of the robbery.  However,

---

[1]  This case is before the Court on transfer from the Fifth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46 2015 R.S.).

the police later obtained video surveillance from appellant's apartment complex, which showed that at 3:04 p.m., appellant, his brother, and an unidentified female wearing a pink shirt left the apartment complex in a car, returned to the apartment complex driving the same car at 4:35 p.m.,[2] and then left again at 4:52 p.m.[3]

The police re-interviewed appellant after discovering that he left his apartment from 3:04 p.m. to 4:35 p.m. on the day of the robbery. During this interview, which the trial court admitted into evidence, appellant initially denied having any contact with a female wearing a pink shirt at approximately three o'clock on the day of the robbery; however, when the police confronted him with video surveillance showing otherwise, appellant changed his story and admitted that he and his brother dropped the female off at a store and then went to the Valley View Mall before returning to the apartment. Throughout the interview, appellant maintained that he was "nowhere near" the Collin Creek Mall on the day of the robbery, but he offered no explanation as to why the victim identified his car as the getaway car based on matching license plates.

The police executed a search warrant at appellant's apartment and discovered a locked safe box, which the investigating officer testified could be used to store a gun. Although the police found no gun in appellant's apartment, appellant's live-in girlfriend testified that she saw him carrying a black gun during the time that they dated, and that he stored the gun in the locked safe box seized from his apartment. The police never found the property taken from the victim during the robbery—a $100 bill.

---

[2] The video surveillance, which the trial court admitted into evidence, shows appellant's car arriving back to his apartment complex at 4:35 p.m. Moments later, a female wearing a pink shirt can be seen walking towards appellant's car and into the view of the surveillance camera.

[3] The time-stamps on the videotapes from Walmart and the apartment complex are not synchronized. The apartment complex videotape shows appellant's car leaving the apartment at 4:52 p.m., but the Walmart videotape shows appellant's car arriving at Walmart at 4:50 p.m.

At trial, the victim could not positively identify appellant as the robber, but he identified the car that appellant admitted he used on the day of the robbery, stating, "I can never forget that." At the close of the evidence, the jury found appellant guilty of aggravated robbery. This appeal followed.

## II. LEGAL SUFFICIENCY

By his first issue, appellant contends that the evidence establishing his identity as the perpetrator of the aggravated robbery is not supported by legally sufficient evidence.[4]

### A. Standard of Review and Applicable Law

We conduct our legal sufficiency review by applying the *Jackson v. Virginia* standard of review. *See* 443 U.S. 307 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 906 (Tex. Crim. App. 2010) (plurality op.). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902 n.19. This standard does not require the State to exclude every conceivable alternative to a defendant's guilt. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993) (explaining that "the evidence is not rendered insufficient simply because [defendant] presented a different version of the events"). The jury is the "exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111

---

[4] A person commits the felony offense of aggravated robbery when: (1) in the course of committing theft; (2) with intent to obtain and maintain control of property; (3) he knowingly or intentionally; (4) threatens or places another in fear of imminent bodily injury or death; and (5) uses or exhibits a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.02(a)(2) (West, Westlaw through Ch. 46 2015 R.S.); *see also id.* § 29.03(a)(2) (West, Westlaw through Ch. 46 2015 R.S.). Appellant only challenges the element requiring the State to prove that *he* was the person who committed the charged crime. *See Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984) (holding that the State must prove the identity of the perpetrator).

4

(Tex. Crim. App. 2000). It is not necessary for every fact to point directly and independently to the defendant's guilt; it is enough if the finding of guilt is warranted by the cumulative force of all incriminating evidence. *See Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

The State is required to prove beyond a reasonable doubt that the defendant is the person who committed the charged crime. *See Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984); *Rice v. State*, 801 S.W.2d 16, 17 (Tex. App.—Fort Worth 1990, pet. ref'd). The identity of the perpetrator may be established by direct or circumstantial evidence. *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986). Proof by circumstantial evidence is equally as probative as proof by direct evidence. *See McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989). "When there is no direct evidence of the perpetrator's identity elicited from trial witnesses, no formalized procedure is required for the State to prove the identity of the accused." *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd) (citing *Sepulveda v. State*, 729 S.W.2d 954, 957 (Tex. App.—Corpus Christi 1987, pet. ref'd)). The absence of an in-court identification does not render the evidence insufficient if the State offers other evidence sufficient to identify the defendant as the perpetrator. *See Couchman v. State*, 3 S.W.3d 155, 162 (Tex. App.—Fort Worth 1999, pet. ref'd) (citing *Meeks v. State*, 897 S.W.2d 950, 954–55 (Tex. App.—Fort Worth 1995, no pet.)); *see also Ficarro v. State*, No. 13-03-00439-CR, 2007 WL 1218045, at *4 (Tex. App.—Corpus Christi Apr. 26, 2007, pet. ref'd, untimely filed) (mem. op., not designated for publication).

**B. Analysis**

5

The State presented no direct evidence identifying the men who robbed the victim, and the victim himself could not positively identify appellant in the courtroom as one of the robbers. However, as previously mentioned, the absence of direct evidence or an in-court identification does not render the evidence insufficient if the State offered other evidence sufficient to identify appellant as the perpetrator. *See Couchman*, 3 S.W.3d at 162. Here, the cumulative force of the circumstantial evidence, when viewed in the most favorable light to the verdict, strongly pointed to appellant as one of the robbers, as he was seen on video, and did not deny, driving the same car that the victim identified as the getaway car—by make, color, and license plates—on the afternoon of the robbery, and he admitted that his brother and a female wearing a pink shirt accompanied him in the car that afternoon. This evidence was supported by the surveillance videos of appellant before and after the robbery and was consistent with the victim's description of the perpetrator and his cohorts. *See Wilson v. State*, 9 S.W.3d 852, 855 (Tex. App.—Austin 2000, no pet.) (finding sufficient evidence to prove identity where, despite the absence of an in-court identification, (1) the victim's description of the perpetrator's van and the license plate number matched the van driven by the defendant during the week of, and the days following, the crime, and (2) the defendant admitted to engaging in conduct that was consistent with the victim's description of the perpetrator); *see also Anderson v. State*,__S.W.3d__, No. 06-14-00168-CR, 2015 WL 1570225, at *3 (Tex. App.—Texarkana Apr. 9, 2015, no. pet. h.) (comparing surveillance video evidence with the victim's physical description of the robber to prove identity when, as here, no in-court identification was made).[5]  Furthermore, the circumstantial evidence supported

---

[5] Although appellant claimed that he went to the Valley View Mall and was "nowhere near" the Collin Creek Mall at the time of the robbery, the jury as the factfinder was free to reject appellant's version

6

appellant's opportunity to commit the crime because he had access to the car identified as the getaway car during the time that the robbery was said to have occurred. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (considering circumstantial evidence of appellant's opportunity to commit the charged crime in proving identity); *Merritt v. State*, 368 S.W.3d 516, 526 (Tex. Crim. App. 2012) (same).

Moreover, the jury could have reasonably inferred appellant's consciousness of guilt based on his inconsistent statements to the police concerning his whereabouts on the day of the robbery. *See King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000) (observing that making false statements to cover up the crime is evidence indicating a consciousness of guilt). For example, appellant initially told the police that he had no contact with a female wearing a pink shirt on the day of the robbery but then later admitted that he gave her a ride to the store around the time of the robbery. Appellant also initially told the police that he only visited Walmart on the day of the robbery but then admitted that he and his brother went to the Valley View Mall before going to Walmart.

Finally, although a search of appellant's apartment turned up no guns, the police discovered a locked safe box commonly used to store a gun, and appellant's live-in girlfriend testified that she saw appellant with a black gun during the time they dated— thereby allowing the jury to reasonably infer that appellant had access to a gun that could have been used to commit the robbery.

---

of the events, especially because there was no confirmation of his presence at the Valley View Mall during the time that the victim testified he was robbed. *See Turro*, 867 S.W.2d at 47 (explaining that "the evidence is not rendered insufficient simply because appellant presented a different version of the events"); *see also Merritt v. State*, 368 S.W.3d 516, 526 (Tex. Crim. App. 2012) (reiterating that "[i]t is the State's burden to prove each element of the offense beyond a reasonable doubt, not to exclude every conceivable alternative to a defendant's guilt").

Based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict, we hold that the State presented sufficient evidence for a rational jury to conclude beyond a reasonable doubt that appellant was the person who committed the charged crime. *See Brooks*, 323 S.W.3d at 899.

### C. Appellant's 5:00 p.m. Alibi

Appellant argues that the jury could not have rationally found him guilty because the State failed to disprove his alibi that he was at Walmart at the time of the robbery. Specifically, appellant points to the fact that the victim initially told the police that he was robbed at approximately 5:02 p.m. Appellant contends that he could not have been the robber because video surveillance admitted into evidence indisputably placed him inside a Walmart at 5:02 p.m. and nowhere near the scene of the robbery. While we agree with appellant that he could not have committed the charged offense if it occurred at 5:02 p.m. based on his presence inside the Walmart, the viability of his alibi defense ultimately rests upon a credibility determination as to whether the crime occurred before or during his visit to Walmart. The jury was presented with conflicting evidence on this issue. While the victim testified at trial that the robbery occurred at approximately 4:25 p.m.—i.e., before appellant's visit to Walmart—the victim also acknowledged that he initially told the police that the robbery occurred at approximately 5:02 p.m.—i.e., during appellant's visit to Walmart. The victim also testified that he could not pinpoint the exact time of the robbery and that he could only provide an estimate. Faced with these conflicting estimates as to the time of the robbery, it was within the province of the jury to reject appellant's Walmart alibi by believing the victim's testimony that he was robbed at approximately 4:25 p.m., despite the victim's earlier statement to the police that he was robbed at approximately

5:02 p.m. *See Swartz v. State*, 61 S.W.3d 781, 788 (Tex. App.—Corpus Christi 2001, pet. ref'd) (recognizing that the jury may believe all, some, or none of the testimony of a particular witness).[6] We therefore cannot conclude that the jury's rejection of appellant's Walmart alibi was "so outrageous that no rational trier of fact could agree." *See Wirth v. State*, 361 S.W.3d 694, 698 (Tex. Crim. App. 2012); *see also Temple*, 390 S.W.3d at 363 (reiterating that "it is not the State's burden to exclude every conceivable alternative to a defendant's guilt"); *Brooks*, 323 S.W.3d at 911–12 (stating that direct-appeal courts are not permitted to act as the "thirteenth juror").

### III.  CONCLUSION

We affirm the judgment of the trial court.

/s/ **Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of July, 2015.

---

[6] Furthermore, the jury had good reason to disbelieve the victim's earlier estimate that the robbery happened at approximately 5:02 p.m. because there was no evidence that the victim arrived late for his 5:00 p.m. work shift at Subway. In the absence of any evidence that the victim was late for work, the jury could have reasonably inferred that the robbery's occurrence was closer to approximately 4:25 p.m., thereby affording the victim enough time to pursue the get-away car, as he testified at trial, and still return to work on time by 5:00 p.m.

9