

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00093-CR

**JOSHUA JONATHAN MORALES,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 16-01496-CRF-85

## MEMORANDUM OPINION

Joshua Jonathan Morales pleaded not guilty to one count of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a). After a jury trial, the jury found him guilty, and the trial court assessed punishment at thirty years in prison. In two issues, Morales complains about the sufficiency of the evidence supporting his conviction. We affirm.

## Standard of Review

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgement for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim App. 2012). This is because the jurors are the exclusive judges of the facts, credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restricts the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.;* see

also *Daugherty v. State*, 387 S.W.3d 654, 655 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

## Issue One

In his first issue, Morales contends that the evidence is insufficient to prove that he threatened the complainant with imminent bodily injury by pointing or shooting a firearm at him. In his related second issue, Morales argues that the evidence is insufficient to prove that he acted as a party to the charged offense.

Morales was charged with intentionally or knowingly threatening "Adam Reyna with imminent bodily injury by pointing or shooting a firearm at him and did then and there use or exhibit a deadly weapon, to-wit: firearm, during the commission of said assault." *See* TEX. PENAL CODE ANN. § 22.02(a)(2). An assault occurs when a person "intentionally or knowingly threatens another with bodily injury …" *Id.* § 22.01(a)(2).

On appeal, Morales' complaint focuses on the identity element of the charged offense. The State is required to prove beyond a reasonable doubt that the accused is the person who committed the crime charged. *See Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984). Identity may be proved by either direct or circumstantial evidence or by reasonable inference. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009). When there is no direct or circumstantial evidence of the perpetrator's identity elicited from trial witnesses, no formalized procedure is required for the State to prove the

identity of the accused. *See Sepulveda v. State*, 729 S.W.2d 954, 957 (Tex. App.—Corpus Christi-Edinburg 1987, pet. ref'd). The State may prove identity by inference alone. *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd) (citing *United States v. Quimby*, 636 F.2d 86, 90 (5th Cir. 1981).

Adam Reyna testified that, on the day of the offense, he spotted Morales in a car with a group of men facing his home. Adam left his home and took a position where he could observe Morales. Adam testified that the car circled "five or six times." Adam saw Morales and his group exit the car and approach Adam's home. At this point, Adam confronted the group. Adam also testified that he saw Morales's hand in his shorts and assumed he was armed. Adam recounted that Morales called him a "snitch" and approached. Adam turned and ran, and while doing so, Adam heard multiple gunshots. Adam stated that he is sure that Morales is the person who shot at him, even though his back was turned at the time of the gunshots. Lisa Reyna, Adam's wife, also testified that she saw Morales flee from the scene with a gun in his hand. Finally, Adam testified that he ran past the door of a nearby duplex as the shooting occurred. Police found a bullet hole in the front door of that duplex.

Accordingly, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt; therefore, the evidence is sufficient to support Morales'

conviction.  *See* TEX. PENAL CODE ANN. § 22.02(a); *see also Zuniga*, 551 S.W.3d at 732-33. We overrule Morales' first issue.

Having decided that the evidence is sufficient to prove that Morales, as the primary actor, committed aggravated assault by shooting a firearm at Adam Reyna, we need not address whether the evidence is sufficient to prove that Morales was a party to the offense, as the inquiry is immaterial to the disposition of the case.  *See* TEX. R. APP. P. 47.1, 47.4.  We overrule Morales' second issue.

## Conclusion

Having overruled all of Morales' issues, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed April 6, 2022
Do not publish
[CRPM]

